**SHARP ELECTRONICS CORPORATION,**
Plaintiff,

v.

**The UNITED STATES; the Department of Commerce, Robert A. Mosbacher, Secretary of Commerce, Defendants.**

**Court No. 88–08–00641.**

United States Court of International Trade.

Jan. 4, 1990.

Donovan Leisure Newton & Irvine, Peter J. Gartland and Thomas R. Trowbridge, III, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, and Velta A. Melnbrencis, New York City, for defendants.

## MEMORANDUM OPINION

### TSOUCALAS, Judge:

Plaintiff, pursuant to Rule 59(a) of the Rules of this Court, has moved for a rehearing of this Court's decision and order of September 13, 1989 granting defendants' motion to dismiss this action. *Sharp Electronics Corp. v. United States*, 13 CIT ——, 720 F.Supp. 1014 (1989).

In *Sharp*, plaintiff sought declaratory judgment with respect to a settlement agreement allegedly requiring the use of "traditional methodology" in Commerce' calculation of foreign market value and United States prices for appraisement or liquidation. Since Commerce had not yet conducted its administrative reviews, the court would not speculate whether the "traditional methodology" would ultimately be used. Consequently, the court dismissed plaintiff's action as premature.

By the present motion, plaintiff seeks to have the court reconsider defendants' motion to dismiss. Plaintiff contends that subsequent developments have altered the factual basis upon which the action was decided. Plaintiff's Rehearing Petition at 1.

After thorough consideration of plaintiff's motion, this Court holds that plaintiff has not satisfied the requirements for the granting of a rehearing. In light of plaintiff's failure to articulate any of the grounds that would justify the granting of a rehearing, plaintiff's motion for rehearing is denied.

It is well established that whether a motion for rehearing shall be granted or denied lies within the sound discretion of the court. *See Reynolds Trading Corp. v. United States*, 61 CCPA 57, 59, C.A.D. 1120, 496 F.2d 1228, 1230 (1974); *Channel Master, Div. of Avnet, Inc. v. United States*, 11 CIT 876, 877, 674 F.Supp. 872, 873 (1987), *aff'd*, 856 F.2d 177 (Fed.Cir. 1988); *Oak Laminates v. United States*, 8 CIT 300, 302, 601 F.Supp. 1031, 1033 (1984), *aff'd*, 783 F.2d 195 (Fed.Cir.1986). Furthermore, in ruling on a petition for rehearing, a court's previous decision will not be disturbed unless it is "manifestly erroneous." *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 337, 601 F.Supp. 212, 214 (1984).

In deciding on a motion to rehear and reconsider a court's order, it is incumbent upon the court to consider whether the movant is entitled to a rehearing under

the principles of equity law. *See* USCIT R. 59(a)(2); *St. Regis Paper Co. v. United States*, 13 CIT ——, Slip Op. 89–166, 1989 WL 154287 (December 11, 1989). Rule 59(a)(2) of the Rules of this Court further provides that a rehearing may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States."

The appropriate grounds for granting a rehearing were set forth in *W.J. Byrnes & Co. v. United States*, 68 Cust.Ct. 358, C.R.D. 72–5 (1972):

> A rehearing may be proper when there has been some error or irregularity in the trial, a serious evidentiary flaw, a discovery of important *new evidence which was not available, even to the diligent party, at the time of trial*, or an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which severely impaired a party's ability to adequately present its case. In short, a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding.

*Id.* at 358 (emphasis added).

■ Plaintiff has failed to demonstrate any of the grounds which would justify the granting of its motion. Plaintiff's motion for rehearing is based upon its assertion that acts subsequent to the dismissal of the action have so altered the circumstances as to warrant a rehearing. However, evidence of facts not in existence at the time of trial such as evidence which was not available but rather was the result of changed conditions since the trial is not regarded as constituting grounds for a rehearing or a new trial. 66 C.J.S. New Trial § 101 (1950).

Plaintiff claims that "[i]f that claim was premature, it certainly isn't any more as a result of recent actions by Commerce." Plaintiff's Reply Memorandum in Support of its Rehearing Petition at 3. It is obvious that plaintiff is referring to facts that were not in existence at the time this Court rendered its decision.

To constitute newly discovered evidence for which a new trial may be granted under Rule 59, the evidence must pertain to facts in existence at the time of trial and not to facts that have occurred subsequently. *See* 6A J. Moore, J. Lucas, G. Grother, Jr. Moore's Federal Practice § 59.08(3) (2d ed. 1989). Plaintiff's assertions are not of the nature encompassed by newly discovered evidence. To the contrary, plaintiff's allegations relate to acts of Commerce allegedly occurring after disposition of this action and therefore cannot constitute the sort of newly discovered evidence that would warrant a rehearing of this action.

As this Court stated in its decision dismissing this action, if Commerce does not use the "traditional methodology" in its administrative reviews, the question of methodology will be reviewable, under 28 U.S.C. § 1581(c), upon a challenge to the final determination. Plaintiff, then, will have an adequate remedy. *See Matsushita Elec. Indus. Co. v. United States*, 12 CIT ——, 688 F.Supp. 617, *aff'd*, 861 F.2d 257 (Fed.Cir.1988).

Accordingly, plaintiff's motion for rehearing is denied and this Court's previous decision dismissing this action stands.