**SAINT PAUL FIRE & MARINE INSURANCE COMPANY,**
Plaintiff,

v.

**UNITED STATES, Defendant.**

Court No. 85-04-00628.

United States Court of International Trade.

Nov. 25, 1992.

Sandler, Travis & Rosenberg, P.A., Edward M. Joffe, Joanne Sargent, Gilbert Lee Sandler, Beth C. Ring and Arthur K. Purcell, Miami, FL, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice and Susan Burnett Mansfield, Washington, DC, for defendant.

1. Rule 59 of the Rules of this Court states in pertinent part:
   (a) **GROUNDS.**
   A new trial or rehearing may be granted to all or any of the parties and on all or part of

## OPINION

TSOUCALAS, Judge:

Plaintiff moves, pursuant to Rule 59 of the Rules of this Court,[1] for rehearing and reconsideration of *Saint Paul Fire & Marine Ins. Co. v. United States*, 16 CIT ——, 795 F.Supp. 453 (1992), which denied plaintiff's motion to amend its original complaint to include additional claims which allegedly came to light during discovery. Defendant opposes plaintiff's motion for rehearing and reconsideration.

The procedural background of this case may be found in *Saint Paul*, 16 CIT ——, 795 F.Supp. 453.

### Discussion

The decision to grant or deny a motion for rehearing lies within the sound discretion of the court. *Sharp Elecs. Corp. v. United States*, 14 CIT ——, ——, 729 F.Supp. 1354, 1355 (1990); *V.G. Nahrgang Co. v. United States*, 6 CIT 210, 211, 1983 WL 2203 (1983). In ruling on a motion for rehearing, a court's previous decision will not be disturbed unless it is "manifestly erroneous." *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 337, 601 F.Supp. 212, 214 (1984). This Court has clearly stated that:

A rehearing may be proper when there has been some error or irregularity in the trial, a serious evidentiary flaw, a discovery of important new evidence which was not available, even to the diligent party, at the time of the trial, or an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which severely impaired a party's ability to adequately present its case. In short, a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding. *W.J. Byrnes & Co. v. United States*, 68 Cust.Ct. 358, C.R.D. 72-5 (1972).

Plaintiff argues that this Court, in denying the plaintiff leave to amend, based its

the issues ... (2) in an action tried without a jury or in an action finally determined, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.

finding on two determinations—that there was undue delay in filing the motion for leave to amend and that this undue delay would cause unfair prejudice to the defendant—neither of which is "warranted by the record." *Brief in Support of a Motion for Rehearing and Reconsideration ("Plaintiff's Brief")* at 7.

This Court recognizes now, as it did in Slip Op. 92–119, 16 CIT ——, 795 F.Supp. 453, that Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires." USCIT R. 15(a) (1988). *Saint Paul,* 16 CIT at ——, 795 F.Supp. at 454. This Court also recognizes that "this mandate is to be heeded" and leave to amend should "be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

However, plaintiff ignores the requirement that Rule 15(a)'s mandate to freely allow amendment must be balanced against the numerous considerations which protect the rights of the opposing party. *Id.* This Court applied the required balancing to the facts presented to it in deciding *Saint Paul,* 16 CIT ——, 795 F.Supp. 453.

Plaintiff's arguments place undue emphasis upon the legal standards applied to a motion for leave to amend, instead of focusing on the standards applicable to a motion for a rehearing. It is not necessary at this point to repeat this Court's rationale in deciding plaintiff's motion to amend as "the purpose of a rehearing is not to retry a case." *BMT Commodity Corp. v. United States,* 11 CIT 854, 855, 674 F.Supp. 868, 869 (1987).

In addition, plaintiff's factual support for its motion for rehearing and reconsideration is based upon the timing of its receipt of certain documents and information from the U.S. Customs Service ("Customs"), including portions of a report of an audit of Opera Garment Inc. ("Opera") conducted by Customs. Plaintiff first requested these documents under the Freedom of Information Act ("FOIA") on November 28, 1984. *Plaintiff's Brief* at 2. Responding to plaintiff's request, on March 27, 1985 Customs provided certain records relating to the investigation of Opera, and denied others. Among the records which plaintiff received were relevant portions of the audit report which

> disclosed that Opera's procedures for controlling and accounting for material were inadequate to support entry of merchandise under the partially duty free provisions of item 806.20 of the Tariff Schedules of the United States (articles returned to the U.S. after having been exported for repairs or alterations). As a result, we believe that for the period September 1, 1979, through August 31, 1980, Opera undervalued imported merchandise by approximately $11,975,500 with a duty loss to Customs of approximately $960,100.

Regulatory Audit Division, U.S. Customs Service, 1–81–CEO–011, Consumption Entry Audit Report Opera Leather Garment Ltd. September 28, 1981 at 1.

Plaintiff states that "had [all of] the reports [requested through FOIA] been made available prior to April 1985, plaintiff would have denied liability, not paid the assessments and raised its legal defenses in a collection action." *Plaintiff's Brief* at 7.

However, this Court finds that the information received by the plaintiff prior to the commencement of this action (*i.e.,* the portions of the audit report) clearly should have placed plaintiff on notice that Customs had serious questions about Opera's business practices with respect to the importation of the type of goods at issue in this action. As a party to an action contesting Customs' denial of 806.20 treatment for Opera's entries, plaintiff should have begun investigating the merits of the information provided through the FOIA request. Plaintiff did not do so. Instead, plaintiff would have this Court believe that plaintiff was not put on notice of Customs' problems with Opera's imports until the plaintiff received the defendant's reply to plaintiff's discovery requests in September 1987.

Plaintiff now argues, *for the first time,* that it was justified in not including these issues in its original complaint and in taking thirteen months to file its motion to

amend by stating that it did not know it needed to amend its complaint until receipt of the discovery. In regard to the thirteen month delay, plaintiff argues that such a drastic change of strategy required in depth research as well as lengthy negotiations between counsel and plaintiff on whether to proceed with this action. *Plaintiff's Brief* at 4–5, 9.

These arguments are rejected by this Court because plaintiff presents no explanation why these arguments could not have been presented when plaintiff originally moved for leave to amend its complaint. *BMT Commodity Corp.*, 11 CIT at 855, 674 F.Supp. at 869; *V.G. Nahrgang Co.*, 6 CIT at 213 n. 3. Also, as noted above, plaintiff was put on notice of Customs' concerns regarding Opera's imports upon receipt of the audit report on March 27, 1985 and failed to act on it.

Therefore, this Court denies plaintiff's motion for rehearing and reconsideration of *Saint Paul*, 16 CIT ——, 795 F.Supp. 453 because plaintiff has failed to demonstrate that the Court's prior decision was "manifestly erroneous" or that other circumstances warrant rehearing and reconsideration.