RUBY INTERNATIONAL, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–04–00247

(Dated June 2, 1994)

*Peter S. Herrick* for the plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice, Civil Division *(James A. Curley)* for the defendant.

## MEMORANDUM AND ORDER

AQUILINO, *Judge:* The plaintiff has interposed a motion pursuant to CIT Rule 15 (a) for leave to amend its complaint, which, as filed on April 30, 1992, contests the failure of the U.S. Customs Service to classify the covered merchandise under item 688.45 of the Tariff Schedules of the United States as quartz analog watches in accordance with *Belfont Sales Corp. v. United States,* 11 CIT 541, 666 F.Supp. 1568 (1987), *reh'g denied,* 12 CIT 916, 698 F.Supp. 916 (1988), *aff'd,* 878 F.2d 1413 (Fed. Cir. 1989).

Attached to plaintiff's summons is a schedule of some 14 protests filed with and denied by Customs, covering an equal number of specified entries in 1987 and 1988. The gravamen of the complaint is that the Service's challenged classification of the goods resulted from clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law within the meaning of 19 U.S.C. § 1520(c)(1). Jurisdiction of the court is asserted under 28 U.S.C. § 1581(a).

Plaintiff's motion, dated February 17, 1994, "seeks to add a second count to its complaint claiming certain entries were never properly liquidated" as follows:

23. Enclosed as Exhibit G[*] are the pages from the Bulletin Notice of Entries Liquidated posted at the Miami customhouse for the following *[sic]* entries:

K50–2008268–8
K50–2008270–4
K50–2008271–2
047–0006609–7
K50–2008247–2

24. The name of the plaintiff is not set forth next to this entry number and no name appears next to the entry numbers.
25. The failure to list the name of the importers is not sufficient notice to comply with requirements for legal evidence of liquidation.
26. The failure to give sufficient notice makes the liquidation null and void.

---

[*] The motion papers before the court do not actually include this exhibit.

27. The entries should be reliquidated to give the plaintiff the opportunity to file a timely protest or the claims that were filed should be accepted as timely.

The defendant answered the original complaint on July 6, 1992. It opposes the foregoing proposed amendment for the following stated reasons:

The motion should be denied because Ruby did not assert in the protests that the liquidations of these entries were void. Not having raised the issue in the protests, Ruby cannot bring the issue before this Court for decision. Moreover, the motion also should be denied because Ruby unduly delayed more than 21 months before moving to amend the complaint.

This position is well-founded. Section 2638 of Title 28, U.S.C. contemplates new grounds in support of a civil action, to wit:

In any civil action under section 515 of the Tariff Act of 1930 in which the denial, in whole or in part, of a protest is a precondition to the commencement of a civil action in the Court of International Trade, the court, by rule, may consider any new ground in support of the civil action if such new ground—

(1) applies to the same merchandise that was the subject of the protest; and

(2) is related to the same administrative decision listed in section 514 of the Tariff Act of 1930 that was contested in the protest.

The first stated condition, namely, that the new ground apply to the same merchandise that was the subject of the protest, is met but not the second. Clearly, the protest(s) upon which this action is predicated were directed only at the classification and rate and amount of duties chargeable within the meaning of 19 U.S.C. § 1514(a)(2). There was no protest of the liquidation, which is a separate and distinct administrative decision according to subsection (a)(5) of section 1514. *Cf. Gray Tool Co. v. United States,* 6 CIT 333 (1983) (motion to amend complaint denied since appraisement and classification are separate categories of administrative decision under section 1514(a)).

Moreover, while CIT Rule 15 (a) provides that leave to amend "shall be freely given when justice so requires", this provision "must be balanced against numerous considerations protecting the rights of the opposing party." *St. Paul Fire & Marine Ins. Co. v. United States,* 16 CIT 633, 635, 795 F.Supp. 453, 455 (1992), citing *Foman v. Davis,* 371 U.S. 178, 182 (1962), *aff'd,* 16 F.3d 420 (Fed.Cir. 1993). In that case, the court denied a motion to amend a complaint, concluding that 13 months between the close of discovery and the filing of the motion without explanation for that length of time constituted undue delay. Here, the plaintiff waited more than 19 months after the defendant had joined issue to file its motion, also without adequate justification for the delay.

Ergo, plaintiff's motion for leave to amend must be, and it hereby is, denied. The parties may have until August 1, 1994 to complete any

515

remaining discovery and pretrial preparations on plaintiff's existing alleged cause of action. A proposed pretrial order shall be submitted to the court on or before September 2, 1994, with trial to commence as soon thereafter as is convenient for the parties.