SARNE CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 96–03–00678

(Dated July 24, 1997)

*Serko & Simon (Joel K. Simon* and *Christopher M. Kane), Wechsler Harwood Halebian & Feffer LLP (Robert I. Harwood* and *Samuel K. Rosen)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Todd Hughes), Richard McManus,* Office of the Chief Counsel for United States Customs Service, *Martin Cohen,* Office of the General Counsel for Army Corps of Engineers, of counsel, for defendant.

OPINION

RESTANI, *Judge:* This matter is before the court on defendant's motion to dismiss plaintiff Sarne Corporation's first amended complaint ("com-

plaint") for failure to state a claim upon which relief may be granted pursuant to USCIT R. 12(b)(5). Defendant's motion to dismiss is granted.

## FACTUAL BACKGROUND

In 1986, Congress enacted the Water Resources Development Act imposing the Harbor Maintenance Tax ("HMT") on port use, with some exceptions. 26 U.S.C.A. §§ 4461(a),(c)(1)(A) (West Supp. 1997)(tax paid by importer). Receipts collected from the HMT are appropriated from the Treasury's general fund to the Harbor Maintenance Trust Fund ("Trust Fund"). 26 U.S.C.A. § 9505(b)(West Supp. 1997). Money is appropriated out of the Trust Fund as may be necessary to fund up to 100 percent of the eligible operations and maintenance costs assigned to commercial navigation of all harbors in the United States. 33 U.S.C.A. §§ 2238(a)(1),(2)(West Supp. 1997). Currently, there is a surplus of approximately $861,134,000 in the Trust Fund. *Annual Report to Congress On The Status Of The Harbor Maintenance Trust Fund For Fiscal Years 1995 and 1996*, Table 4 (June 23, 1997).

Sarne, a payer of the HMT as an importer, alleges that the large surplus accumulating in the Trust Fund is contrary to the legislative intent of 33 U.S.C.A. §§ 2238(a)(1) and (2), and that the surplus exists because the Army Corps of Engineers ("Corps") failed to adequately ascertain which harbors require maintenance in violation of 33 U.S.C.A. § 2215 (West Supp. 1997).[1] Moreover, Sarne claims that because the government inadequately utilized the Trust Fund, its legitimate expectations as a payer of the tax went unmet and thus it was harmed. At oral argument, Sarne articulated its claim as requiring "the Secretary of the Army to order the Corps to [1] ascertain which harbors need to be dredged or otherwise maintained and [2] request the proper amount of appropriations from Congress needed to complete the maintenance." In addition, Sarne requests that the court either order the Secretary of the Treasury to issue all reports or to account for how the monies in the Trust Fund have been and are being used.[2]

## STANDARD OF REVIEW AND JURISDICTION

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted the court considers whether the complaint sets forth facts sufficient to support a claim by assuming "all well-pled factual allegations are true" and construing "all reasonable inferences in favor of the nonmovant." *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991).

Congress intended the HMT to be treated as a customs duty for jurisdiction purposes. 26 U.S.C. § 4462(f)(2)(1994). As the matter involves

---

[1] The court notes that 33 U.S.C. § 2215 does not specifically address the Corp's duty to ascertain which harbors require maintenance. Instead, 33 U.S.C. § 2215 addresses the partial distribution of costs for water resource projects to non-federal interests.

[2] The HMT reports for fiscal years 1995 and 1996 were issued by the Secretary of the Army on July 1, 1997. Thus, this issue is moot.

the administration and enforcement of a law providing for revenues from imports and as the remedies under 28 U.S.C. §§ 1581(a)–(h) are manifestly inadequate, Sarne correctly brought this case pursuant to 28 U.S.C. § 1581(i)(4). *See United States Shoe Corp. v. United States*, 114 F.3d 1564, 1570–71 (Fed. Cir. 1997); *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987).

## DISCUSSION

A dismissal for failure to state a claim is proper where it appears beyond a doubt that the complaint fails to show that the challenged action "has caused [   ] injury in fact, economic or otherwise." *Association of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 152 (1970) (ruling that plaintiffs had shown harm and thus had standing to maintain the action). Here, Sarne fails to allege direct harm and is unable to link the averred harm to an identifiable violation of the statute. Sarne stated at oral argument that it is unaware of any problems encountered by ships carrying its goods entering United States ports due to the alleged failure of the Corps to ascertain which ports require maintenance. Nor has Sarne alleged that any specific dredging request by a port which it might wish to use in the future has been turned down by the Corps to its detriment. Sarne also is not alleging harm caused by the Corps' rejection, in violation of law, of a proposal for maintenance submitted by Sarne or another non-federal entity under 33 U.S.C.A. § 2231 (West Supp. 1997). Instead, Sarne's complaint merely asserts the generalized grievance that the current utilization of the Trust Fund does not meet its legitimate expectations; a grievance which does not entitle it to any relief by this court. *See, e.g., Flast v. Cohen*, 392 U.S. 83, 106 (1968)(ruling that federal court is not proper forum for a plaintiff that has not suffered direct harm to air generalized grievances).

Giving Sarne leave to amend would serve no purpose, as the acts complained of could not constitute a cognizable claim for relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Saint Paul Fire & Marine Ins. Co. v. United States*, 16 CIT 633, 635, 795 F. Supp. 453, 455 (1992), *aff'd*, 16 F.3d 420 (Fed. Cir. 1993). Accordingly, defendant's motion to dismiss is granted.