### THE COURT DENIED PLAINTIFF'S CRITICAL CIRCUMSTANCES REQUEST AS MOOT.

Since the *Final Determination* of the Commission is affirmed and no material injury or threat of material injury is found as to brake drums from China, Plaintiff's request that the Court stay its determination as to critical circumstances is denied as moot.

### IV

### CONCLUSION

For the foregoing reasons, the court finds that the ITC's determination of no material injury and no threat of material injury is supported by substantial evidence and in accordance with law. Plaintiff's motion for judgment on the agency record is denied.

D & L SUPPLY CO., AND GUANGDONG METALS & MINERALS IMPORT & EXPORT CORP, U.V. INTERNATIONAL, SIGMA CORP, SOUTHERN STAR, INC., CITY PIPE AND FOUNDRY, INC., LONG BEACH IRON WORKS, INC., AND OVERSEAS TRADE CORP, PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND ALHAMBRA FOUNDRY, INC., ALLEGHENY FOUNDRY CO., BINGHAM & TAYLOR DIVISION, VIRGINIA INDUSTRIES, INC., CHARLOTTE PIPE & FOUNDRY CO., EAST JORDAN IRON WORKS, INC., LEBARON FOUNDRY INC., MUNICIPAL CASTINGS, INC., NEENAH FOUNDRY CO., OPELIKA FOUNDRY CO., INC., TYLER PIPE INDUSTRIES, INC., U.S. FOUNDRY & MANUFACTURING CO., AND VULCAN FOUNDRY, INC., DEFENDANT-INTERVENORS

Consolidated Court No. 92–06–00424

(Dated June 22, 1998)

*Cameron & Hornbostel LLP (Dennis James, Jr.)* for D & L Supply Company.
*White & Case LLP (Walter J. Spak* and *Vincent Brown)* for U.V. International, Sigma Corporation, City Pipe & Foundry, Inc. and Long Beach Iron Works, Inc.
*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Henry R. Felix);* of counsel: *Stephen J. Powell,* Chief Counsel for Import Administration, U.S. Department of Commerce *(Linda Chang,* Attorney-Advisor), for defendant.
*Collier, Shannon, Rill & Scott PLLC (Paul C. Rosenthal, Robin H. Gilbert* and *Mary T. Staley)* for defendant-intervenors.

### OPINION

TSOUCALAS, *Senior Judge:* Plaintiff, D & L Supply Company ("D & L") moves pursuant to Rules 59 and 60 of the Rules of this Court, for rehear-

ing and reconsideration of *D & L Supply Co. v. United States*, 22 CIT 364, Slip Op. 98–45 (Apr. 14, 1998).

The decision to grant or deny a motion for rehearing under Rule 59 of the Rules of this Court is within the sound discretion of the Court. *St. Paul Fire & Marine Ins. Co. v. United States*, 16 CIT 984, 807 F. Supp. 792, 793 (1992); *Sharp Elecs. Corp. v. United States*, 14 CIT 1, 2, 729 F. Supp. 1354, 1355 (1990). In ruling on a motion for rehearing, a court's previous decision will not be disturbed unless it is "manifestly erroneous." *St. Paul*, 16 CIT at 984, 807 F. Supp. at 793. This Court has held that:

> A rehearing may be proper when there has been some error or irregularity in the trial, a serious evidentiary flaw, a discovery of important new evidence which was not available, even to the diligent party, at the time of the trial, or an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which severely impaired a party's ability to adequately present its case. In short, a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding.

*Id.* (quoting *W.J. Byrnes & Co. v. United States*, 68 Cust. Ct. 358, C.R.D. 72–5 (1972).

Rule 60 provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing under Rule 59(b); (3) fraud * * *, misrepresentation, or other misconduct of an adverse party; * * * or (6) any other reason justifying relief from the operation of the judgment.

After thorough consideration of D & L's motion, this Court holds that plaintiff has not satisfied the requirements for the granting of a rehearing or for reconsideration of the case.

### DISCUSSION

In *D & L*, the Court affirmed Commerce's use of dumping margins alleged in the initial antidumping petition as best information available. 22 CIT 364, 369, Slip Op. 98–45, at 11. Plaintiff's sole argument is that this Court in *D & L*, "overlooked" *Borden, Inc. v. United States*, 22 CIT 233, Slip Op. 98–36 (Mar. 26, 1998), and that *Borden*, which held that Commerce may not automatically resort to adverse information solely because an importer did not comply with its requests for data, contradicts this Court's holding in *D & L*.

As a preliminary matter, the Court notes that it is not bound by a decision of another judge of the same court, although such a decision may be persuasive precedent. *See, e.g., Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989). Further, contrary to plaintiff's assertion, *Borden* is not applicable to the issues decided by this Court in *D & L* because *Borden* was decided under the new statutory scheme, specifically,

19 U.S.C. § 1677e, as amended by the Uruguay Round Agreements Act ("URAA"), Pub. L. 103–465, § 231(c) (1994). Unlike pre-URAA law, the new statute requires Commerce to make a series of findings when it makes a determination on the basis of "facts available." *See* 19 U.S.C. § 1677e(a) (1994). Therefore, the *Borden* court's interpretation of the newly-amended statute has no bearing upon the issues decided by the Court in this case.

In fact, the court in *Borden* emphasized that its holding was predicated on the change in the law. The court held:

> What is clear from this brief summary of the facts is that [the company] did not submit all of the information requested by Commerce in a timely manner. *Under prior law, this might have been sufficient* for Commerce to immediately cancel verification and switch to surrogate information. This is no longer the case. Under current law, Commerce must make a series of determinations.

22 CIT at 260, Slip Op. 98–36 at 67 (emphasis added).

Because D & L has not demonstrated any of the grounds for rehearing or reconsideration, the Court denies plaintiff's motion.