**NORTH AMERICAN PROCESSING CO., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 98–100.**
**Court No. 93–11–00769.**

United States Court of
International Trade.

July 13, 1998.

Barnes, Richardson & Colburn (Rufus E. Jarman, Jr. and Christopher E. Pey), New York, NY, for plaintiff.

Frank W. Hunger, Assistant Attorney General of the United States; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Barbara Silver Williams ); Ed Maurer and Mitra Hormosi, Office of the Assistant Chief Counsel for International Trade Litigation, United States Customs Service, of Counsel, Washington, DC, for defendant.

## OPINION

CARMAN, Chief Judge.

The United States (defendant or government) moves for rehearing, modification, and/or reconsideration pursuant to U.S. CIT R. 59(a) of this Court's order denying defendant's motion for summary judgment. *See North American Processing Co. v. United States*, 1998 WL 72811, Slip Op. 98–13 (CIT Feb. 19, 1998). In the alternative, defendant moves *in limine* to exclude certain evidence and additionally moves for oral argument. North American Processing Company (plaintiff or North American) opposes the government's motions, contending, among other things, sufficient evidence exists to support the Court's denial of defendant's motion for summary judgment. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1994).

### BACKGROUND

On October 14, 1992, North American entered the merchandise at issue through the port of San Francisco. The merchandise consisted of beef trimmings packaged such that the entire package consisted of 35% lean meat and 65% fat. The one entry at issue was entered under subheading 1502.00.00, Harmonized Tariff Schedule of the United States (HTSUS), as "fats of bovine animals ...," dutiable at a rate of 0.95¢/kg. The merchandise was liquidated as "no change" under this subheading on February 5, 1993, but was later reliquidated by United States Customs Service (Customs) on February 26, 1993, under subheading 0202.30.60, HTSUS, as "meat of bovine animals, frozen, boneless, other," dutiable at a rate of 4.4¢/kg.

On May 26, 1993, plaintiff filed a protest, pursuant to 19 U.S.C. § 1514(c) (1988), challenging Customs' reliquidation of the merchandise under subheading 0202.30.60, HTSUS. Customs denied this protest on August 4, 1993, and plaintiff timely filed this action. On March 24, 1997, defendant filed a motion for summary judgment. Defendant's motion was denied in February 1998 because

"[t]he parties do not agree on the degree to which the fat adheres to the meat, and this issue will require a factual finding by the Court." *North American Processing Co.*, at 5 (footnote omitted). This Court further determined the issue of how packaging in which the merchandise was imported was labeled remained in dispute. Presently before the Court are defendant's timely filed motion for rehearing, modification, and/or reconsideration, motion *in limine*, and motion for oral argument.

## CONTENTIONS OF THE PARTIES

### A. *Defendant*

Defendant moves for rehearing, modification, and/or reconsideration, contending the Court erred in issuing its order denying defendant's motion for summary judgment. *See North American Processing Co.*, Slip Op. 98–13. Defendant contends it is entitled to judgment as a matter of law because Customs properly classified the merchandise at issue under subheading 0202.30.60 of the HTSUS, and plaintiff failed to present factual evidence sufficient to negate that classification. Defendant further contends the Court erred in denying defendant's motion for summary judgment based on its finding that the labeling appearing on the merchandise's packaging was an issue of fact for trial, arguing the issue of labeling is not a material fact. In the alternative, defendant seeks a motion *in limine* to preclude plaintiff from introducing evidence or expert witnesses on the issues of the physical nature and description of the beef and the labeling of packages, contending such evidence unduly prejudices the defendant.

### B. *Plaintiff*

North American opposes defendant's motions, arguing genuine issues of material fact exist in this matter which preclude the Court from granting defendant's motions. Plaintiff's central contention is that it presented evidence sufficient to demonstrate genuine issues of material fact exist regarding the physical characterization of the merchandise at issue and how boxes in which the merchandise was imported were labeled. For substantially the same reasons, plaintiff argues defendant's motion *in limine* is groundless and oral argument unnecessary.

## STANDARD OF REVIEW

■ The grant of a defendant's motion for rehearing, modification, and/or reconsideration under U.S. CIT R. 59(a) is within the sound discretion of the court. *See Kerr–McGee Chemical Corp. v. United States*, 14 CIT 582, 583 (1990). A motion for reconsideration will not be granted unless the Court's original decision is manifestly erroneous.[1] *See Saint Paul Fire & Marine Ins. Co. v. United States*, 16 CIT 984, 807 F.Supp. 792 (1992) (applying a "manifestly erroneous" standard to a motion for rehearing and reconsideration).[2]

■ Likewise, a decision concerning evidentiary matters is within the sound discretion of the trial court. *See, e.g., Curtin v. Office of Personnel Management*, 846 F.2d 1373, 1378 (Fed.Cir.1988). When appropriate, a motion *in limine* to exclude certain evidence is a favored procedural device granted to prevent a party from encumbering the record with irrelevant, immaterial, or cumulative matters before trial. *See, e.g., Baskett v. United States*, 2 Cl.Ct. 356, 367–68 (1983).

1. Under traditional standards, a motion for reconsideration was granted only upon the identification of a mistake in law or fact, or upon the discovery of material evidence that was previously unavailable. *See* 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 59.30[5][a] n. 10 (3rd ed.1998); *cf. Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1562 n. 6 (Fed. Cir.1994) (citing *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990) (stating the purpose of a motion for reconsideration was to correct for errors of law or fact or to present newly discovered evidence) (quotation and citation omitted)).

2. Other grounds for granting a motion for reconsideration include to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to correct for changes in controlling law. *See* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed.1995). Because defendant does not appear to raise any of these additional grounds in its motion for rehearing, modification, and/or reconsideration, none will be considered in this opinion.

DISCUSSION

In *North American Processing Co.*, this Court found genuine issues of material fact existed warranting trial. Defendant makes no arguments that convince the Court its decision was manifestly erroneous. Accordingly, this Court denies the defendant's motion for rehearing, modification, and/or reconsideration. Moreover, because the evidence sought to be excluded by defendant in its motion *in limine* is the very evidence needed to resolve the issues at trial and because the Court finds defendant would not be unduly prejudiced by allowing plaintiff to introduce such evidence, the Court also denies defendant's motion *in limine*.

A. *Physical Nature and Description of Imported Merchandise*

█ In its motion papers, defendant contends North American possessed no evidence on the issue of whether the imported merchandise consisted of beef with fat adhering to it. (*See* Memo. in Supp. of Def.'s Motion for Rehr'g, Modif'n, and/or Reconsid'n (Def.'s Memo.) at 8–9 (citing, *e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (finding moving party entitled to judgment as a matter of law where nonmoving party failed to provide evidence concerning essential element of his case)).) To support its contention, defendant focuses on North American's response in discovery that it " 'does not know, and takes no position on the issue of whether the fat adheres to the [meat], or vice versa' " and " [p]laintiff cannot state whether any or all of the fat adheres to the [meat], or the [meat] adheres to the fat, or the two adhere to each other.' " (Pl.'s First Resp. to Def.'s Third Set of Interrog., *reprinted in* Def.'s Memo., Ex. 2 at 3.) Defendant argues these statements indicate North American has no evidence to contradict the government's show-

ing fat adheres to beef, and thus defendant was entitled to summary judgment.

Evidence provided by plaintiff in the form of affidavits and responses to defendant's interrogatories refutes to some degree defendant's allegation that fat adheres to the meat and thus raises a material issue.[3] While defendant is correct plaintiff stated it " 'does not know, and takes no position on the issue of whether the fat adheres to the [meat] . . .' " (*id.*), plaintiff also submitted evidence stating "[t]he imported merchandise consisted of a mixture of fat trimmings which incorporated intermingled fat and meat, *some of which adhered to each other.*" (Affidavit of Rod McNally, attached to Pl.'s Memo. in Opp'n to Def.'s Motion for Summ. J. at 2 (emphasis added).) Such evidence challenges the government's assertion that fat adheres to the meat.

This case originally came before the Court on defendant's motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." U.S. CIT R. 56(d). "The Court will deny summary judgment if the parties present a dispute about a fact such that a reasonable trier of fact could return a verdict against the movant." *Ugg Int'l, Inc. v. United States*, 17 CIT 79, 83, 813 F.Supp. 848, 852 (1993) (quotation and citation omitted).

As stated in the earlier decision and reconfirmed upon further consideration here, the record indicates the parties do not agree on whether or to what extent fat adheres to the meat and thus raises a genuine issue of material fact requiring trial. Moreover, the Court finds a reasonable trier of fact could determine pieces of fat do not adhere to the meat based on evidence provided by plaintiff.

---

3. The issue of whether fat adheres to the meat is material to this Court's determination of whether the merchandise properly is classified under heading 0202, HTSUS, as "meat of bovine animals, frozen, boneless, other," or under heading 1502, HTSUS, as "fats of bovine animals." As defendant's papers note, the General Explanatory Notes to Chapter 2 of the HTSUS provide,

"[a]nimal fat presented separately is excluded . . . but fat presented in the carcass or adhering to meat is treated as forming part of the meat." (Memo. in Supp. of Def.'s Motion for Summ. J. at 5 (quoting Harmonized Commodity Description and Coding System, Chapter 2, General Notes (1986)).)

As defendant fails to invite the Court's attention to any error, the Court finds its denial of defendant's motion for summary judgment was not manifestly erroneous. Accordingly, the Court denies defendant's motion for rehearing, modification, and/or reconsideration on this issue.[4]

## B. Labeling on Packaging of the Imported Merchandise

■ Next, defendant argues the Court erred in finding that the issue of labeling on packaging should prevent summary judgment.[5] First, defendant argues the issue of labeling is not an issue of "material fact" because the resolution of the issue will not affect the outcome of the suit. This argument is based on defendant's assertion there is no genuine issue regarding the physical nature and description of the imported merchandise. Second, defendant contends even if the issue were relevant, North American failed to identify any evidence to support its claim, and thus the motion for summary judgment should have been granted.

The Court finds defendant's argument unpersuasive. First, as articulated in the initial decision, while not controlling, invoice and packaging descriptions of merchandise are evidence which can aid the Court in reaching the proper classification at trial. See, e.g., Peterson Electro Musical Products v. United States, 7 CIT 293, 295 (1984) (stating invoices are evidence of what the parties, and presumably the commercial world, consider the merchandise to be). As the Court has found a genuine issue of material fact exists regarding whether fat adheres to the meat, the labeling of the packaged merchandise may be relevant to the Court's determination of the merchandise's proper classification. Second, the Court finds plaintiff submitted sufficient evidence to support this allegation based on the statements provided in the McNally affidavit.[6] As defendant fails to invite the Court's attention to any error, the denial of summary judgment on the issue of labeling is not manifestly erroneous. The Court denies defendant's motion for rehearing, modification, and/or reconsideration on this issue.

## C. Motion in Limine

■ Finally, defendant moves in limine to preclude plaintiff from introducing evidence demonstrating or relating to whether the imported merchandise consists of beef with fat adhering to it, fat with beef adhering to it, the degree to which the fat adheres to the beef, or the degree to which the beef adheres to the fat, arguing such evidence would unduly prejudice the government as its litigation strategy was based on North American's discovery responses. Defendant also seeks to preclude evidence on labeling of the imported merchandise's packaging and expert witness testimony substantially for the same reasons.

4. The government also argues its classification is presumed to be correct pursuant to 28 U.S.C. § 2639(a) and that plaintiff has the burden of overcoming the statutory presumption by a preponderance of the evidence. (See Def.'s Memo. in Supp. of Def.'s Motion for Rehr'g, Modif'n, and/or Reconsid'n at 12 (quoting Baxter Healthcare Corp. of Puerto Rico v. United States, 998 F.Supp. 1133, 1138 (CIT 1998)).) As the issue at bar concerns only whether a genuine issue of material fact exists, it is unnecessary to address the presumption at this time. Whether plaintiff can successfully overcome the statutory deference owed to Customs remains to be determined at trial as more evidence must be examined to determine whether the imported merchandise is properly classified as "meat of bovine animals, frozen, boneless, other" or as "fats of bovine animals." See generally E.M. Chemicals v. United States, 923 F.Supp. 202, 208 (CIT 1996) (finding it unnecessary to apply presumption of correctness on summary judgment motion concerning whether genuine issue of material fact exists); cf. Universal Electronics, Inc. v. United States, 112 F.3d 488, 493 (Fed.Cir.1997) (stating presumption of correctness relates to presentation of evidence and has force only as to factual components of a particular decision).

5. In the first motion, defendant contended labeling on the packaging of substantially similar merchandise described the contents as "Boneless Beef." (See Def.'s Stmt. Of Mater. Facts Not in Issue at 2.) Plaintiff, however, asserted the merchandise was imported in boxes marked "A-FAT-TRIM," an abbreviation for Type-A Fat Trimmings. (See Pl.'s Memo. in Opp'n to Def.'s Motion for Summ. J. (Pl.'s Memo.) at 9.)

6. For example, McNally stated the boxes in which the imported merchandise was imported "were marked 'A-FAT-TRIM.'" The term "A-FAT-TRIM" is an abbreviation for "'Type A Fat Trimmings.'" (See Affidavit of Rod McNally, attached to Pl.'s Memo. at 2.)

A decision concerning evidentiary matters is within the sound discretion of the trial court. *See, e.g., Curtin,* 846 F.2d at 1378. A motion *in limine* to exclude evidence is favored where, among other things, the exclusion would prevent a party from encumbering the record with irrelevant, immaterial, or cumulative matters. *See Baskett,* 2 Cl.Ct. at 367–68. As evidence concerning the physical nature and description of the imported merchandise and the labeling on packaging of the imported merchandise is critical for resolving genuine issues of material fact at bar, the evidence is not "irrelevant, immaterial, or cumulative" and should not be excluded.

Moreover, plaintiff's evidence on adhesion and labeling matters does not appear to unduly prejudice the government. First, the government's failure to conduct further discovery regarding the physical nature and description of the imported merchandise appears to be due to trial strategy rather than any alleged malfeasance by the plaintiff. (*See, e.g.,* Def.'s Memo. at 22–23.) Second, as plaintiff claims it has no intention to call expert witnesses, (*see* Memo. in Supp. of Pl.'s Memo. in Opp'n to Def.'s Motion for Rehr'g, Modif'n, and/or Reconsid'n at 22 ), its failure to identify witnesses during discovery did not mislead the government.[7] Further, the defendant may request an extension of time for discovery to investigate any outstanding issues as needed. Thus, it does not appear defendant would be unduly prejudiced by the introduction at trial of the evidence it seeks to exclude. Accordingly, defendant's motion *in limine* is denied. Defendant's motion for oral argument is also denied.

### CONCLUSION

For the reasons stated above, the Court finds this matter presents genuine issues of material fact requiring trial. Thus, the Court's denial of defendant's motion for summary judgment was not manifestly erroneous. Accordingly, the Court denies defendant's motion for rehearing, modification, and/or reconsideration. Additionally, because evidence sought to be excluded by defendant in its motion *in limine* is critical for resolving issues at trial and because the Court finds defendant would not be unduly prejudiced by the inclusion of such evidence, the Court denies defendant's motion *in limine.* Finally, the Court also denies defendant's motion for oral argument.

### ORDER

This matter having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision it is hereby

**ORDERED** that defendant's Motion for Rehearing, Modification, and/or Reconsideration, Motion *in Limine,* and Motion for Oral Arugment are denied, and it is further

**ORDERED** that the parties shall consult with each other and, to the extent they are able to agree, submit to the Court within ten days of the issuance of this Order proposed dates and times for filing a pre-trial order, convening a pre-trial conference, and commencing trial.

---

7. If, subsequent to this decision, plaintiff decides to call an expert witness, it must, in accordance with the Rules of the Court, timely identify the witness to the government.