**GENERAL ELECTRIC COMPANY,**
Appellant,

v.

**The UNITED STATES, Appellee.**

No. 82–3.

United States Court of Customs
and Patent Appeals.

June 10, 1982.

Louis Schneider, Bernard J. Babb, John A. Bessich, and Angela Pitsaris, New York City, for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D. C., David M. Cohen, Director, Joseph I. Liebman, attorney-in-charge, and Saul Davis, New York City, for appellee.

Before MARKEY, Chief Judge, BALDWIN, MILLER and NIES, and KASHIWA,* Judges.

MARKEY, Chief Judge.

Appeal from the judgment of the United States Court of International Trade, 2 CIT ——, 525 F.Supp. 1244 (1981), dismissing importer's action challenging the classification of certain electronic and amplifier packs. We affirm.[1]

## OPINION

We agree with the decision of the Court of International Trade that the imported electronic and amplifier packs were correctly classified in TSUS, items 685.23 and 684.70, respectively. Accordingly, we *affirm* the judgment below and adopt the trial court's opinion as our own.

MILLER, Judge, concurring.

I do not believe this court should adopt the opinion of the Court of International Trade as its own for the reason that said opinion inadequately disposes of the parties' vigorous argument over application of this court's opinion in *Daisy-Heddon v. United States,* 66 C.C.P.A. 97, C.A.D. 1228, 600 F.2d 799 (1979). In that opinion, the court expressly overruled the majority opinion in *Authentic Furniture Products, Inc. v. United States,* 61 C.C.P.A. 5, C.A.D. 1109, 486 F.2d 1062 (1973), and emphasized that the presence or absence of an "essential" part is not decisive of whether an importation is a substantially complete article.

Here, the opinion of the Court of International Trade simply states that the record supports the Government's contention that the importations are substantially complete radio receivers, prompting appellant to argue that components added after importation are "significant" to the overall function of the complete radio receivers.* I am persuaded that these components are not so significant as to preclude a determination that the imported merchandise is "substantially complete," but the conclusory statement of the Court of International trade is not helpful in reaching that decision.

---

* The Honorable Shiro Kashiwa of the United States Court of Claims, sitting by designation.

1. The relevant provisions of the Tariff Schedules of The United States (TSUS) are:

*General interpretative rule 10(h)*
unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished;

*Schedule 6, Part 5*
Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and parts thereof:

\* \* \* \* \* \*

Other [than television apparatus and parts thereof]:

| | | |
|---|---|---|
| [Electronic packs classified] | 685.23 | Solid-state (tubeless) radio receivers .....10.4% ad val. |
| [Electronic packs claimed] | 685.25 | Other ............6% ad val. |

| | | |
|---|---|---|
| [Amplifier packs classified] | 684.70 | Microphones; loudspeakers; headphones; audio frequency electric amplifiers; electric sound amplifier sets comprised of the foregoing components; and parts of the foregoing articles (including microphone stands) .......7.5% ad val. |

\* \* \*

| | | |
|---|---|---|
| [Amplifier packs claimed] | 685.32 | Record players, phonographs, record changers, turn tables, and tone arms, and parts of the foregoing .........5.5% ad val. |

* In *Daisy-Heddon,* one of the factors specified (for determining whether imported merchandise is substantially complete) is "the significance of the omitted parts to the overall functioning of the completed article."