**JIMLAR CORPORATION, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**Court No. 80–07–01092.**

United States Court of
International Trade.

Oct. 21, 1986.

Stedina & Deem (Charles P. Deem, New York City, on the motion), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office (Florence M. Peterson, New York City, on the motion), for defendant.

## MEMORANDUM OPINION AND ORDER

RE, Chief Judge:

The question presented in this case pertains to the proper valuation of certain men's footwear imported from Taiwan, and which was appraised by the Customs Service at the American selling price pursuant to 19 U.S.C. § 1402(g) (1976) (repealed 1979). Plaintiff contends that the domestic merchandise used by Customs to determine the American selling price was not "like or similar" to the imported merchandise. Hence, it asserts that the proper basis for valuation is the export value of the footwear, pursuant to 19 U.S.C. § 1402(d) (1976) (repealed 1979), rather than the American selling price.

Pursuant to Rules 1, 7, and 81(m) of the Rules of this Court, defendant has moved for an order to strike plaintiff's post-trial brief, since it contains references to four affidavits which were not introduced into evidence at the trial. Defendant requests that the Court order plaintiff to submit a post-trial brief that excludes all references to these affidavits.

Plaintiff asserts that the four affidavits are part of the record of this case, and that references to them in its post-trial brief are permissible and proper.

Rule 1(a) directs that the Rules of this Court

shall be construed to secure the just, speedy, and inexpensive determination of every action. When a procedural question is not covered by these rules, the court may prescribe the procedure to be followed in any manner not inconsistent with these rules.

USCIT R. 1(a).

Rule 81(m) requires that:

Briefs must be compact, concise, logically arranged, and free from burdensome, irrelevant, immaterial and scandalous matter. *Briefs not complying with this rule may be disregarded by the court.*

USCIT R. 81(m) (emphasis added).

The questions presented by defendant's motion are whether, within the meaning of the Rules of the Court, plaintiff's post-trial brief contains improper material that would require the Court to strike the brief, and whether the Court should order the plaintiff to submit a brief which excludes all references to the contested affidavits.

After a careful examination of the arguments of the parties and the relevant case

law, it is the determination of the Court that plaintiff's references in its post-trial brief to the affidavits of Joseph Yacka, Jack Feinman, and Tom Rork were not improper. They were not improper since it is clear that they were necessary to understand the conclusions and opinions of Wayne Donoho. However, since the affidavit of James Tarica was neither offered into evidence, nor was any reference made to it at the trial, all references to the affidavit of James Tarica shall be disregarded by the Court.

Before the trial, the parties stipulated that the deposition of Wayne Donoho, taken by the defendant, would be included in the record of this case. Mr. Donoho's affidavit was included as exhibit one of his deposition. In his affidavit, Mr. Donoho stated that he agreed with the opinions contained in the affidavits of Joseph Yacka and Jack Feinman. In his affidavit, Mr. Feinman referred to the affidavit of Tom Rork, and stated that he agreed with the conclusions of Mr. Rork. Neither the Yacka nor the Feinman affidavit was offered into evidence. None of these documents made reference to the affidavit of James Tarica. Mr. Tarica, however, testified at the trial, and was cross-examined by the defendant.

Defendant now contends that any reference in plaintiff's post-trial brief to the affidavits of Mr. Yacka, Mr. Feinman, Mr. Rork, or Mr. Tarica is improper, and should be stricken, because these documents were not admitted into evidence at the trial. The Rules of this Court do not specifically provide for the striking of a brief. This court, however, has held that, depending upon the circumstances of the particular case, it is appropriate to strike an entire brief, to strike improper portions of a brief, or, to disregard any objectionable matter contained in the brief. *See Brookside Veneers, Ltd. v. United States*, 9 CIT ——, Slip Op. 85–121, at 3–4 (Nov. 27, 1985); *Edge Import Corp. v. United States*, 82 Cust.Ct. 343, 344, C.R.D. 79–7 (1979).

In general, motions to strike are not favored by the courts and are infrequently granted. *See Edge Import Corp.*, 82 Cust.Ct. at 344; *see also Beker Industries v. United States*, 7 CIT 199, 200, 585 F.Supp. 663, 665 (1984) (motion to strike pleadings not favored by court); *Heraeus-Amersil, Inc. v. United States*, 8 CIT 329, 334–35, 600 F.Supp. 221, 226 (1984) (motion to strike defense highly disfavored). The granting of a motion to strike constitutes an extraordinary remedy, and should be granted only in cases where there has been a flagrant disregard of the rules of court. *Accord Application of Harrington*, 55 CCPA 1459, 1462, 392 F.2d 653, 655 (1968). Hence, courts will not grant motions to strike unless the brief demonstrates a lack of good faith, or that the court would be prejudiced or misled by the inclusion in the brief of the improper material. *See Edge Import Corp. v. United States*, 82 Cust.Ct. at 344. It is not questioned that this Court has broad discretion to grant or deny motions to strike. *See Beker Industries v. United States*, 7 CIT at 200, 585 F.Supp. at 665.

In this case, defendant has failed to demonstrate that plaintiff's post-trial brief lacks good faith, or that the contested references are sufficiently irrelevant, immaterial, or prejudicial to warrant the drastic remedy requested. The affidavit of Mr. Donoho was an exhibit in his deposition, which was taken by the defendant, and it was stipulated by the parties that it constitute a part of the record. Defendant knew that Mr. Donoho relied for his opinion upon the statements contained in the Yacka, Feinman, and Rork affidavits. Indeed, Mr. Donoho's affidavit contains specific statements as to his agreement with the opinions expressed in those documents. Although those affidavits were not submitted into evidence, they are nonetheless necessary to understand fully the opinion of Mr. Donoho. Mr. Donoho testified at the trial on the pertinent issues, and was cross-examined by the defendant. Clearly, defendant had ample notice and opportunity to examine the affidavits, and to cross-examine Mr. Donoho as to their contents. Since

the affidavits of Mr. Yacka, Mr. Feinman, and Mr. Rork cannot be considered irrelevant or immaterial, reference to those documents in plaintiff's post-trial brief was proper.

The affidavit of James Tarica, however, was not introduced into evidence, nor was it referred to in the testimony of any of the witnesses. Therefore, references to that affidavit in plaintiff's post-trial brief are improper. However, since the information contained in the affidavit was repeated as part of Mr. Tarica's testimony at the trial, the references to the affidavit in plaintiff's post-trial brief will in no way prejudice or mislead the Court. Since the Court may disregard whatever references may be improper, it is unnecessary to strike plaintiff's brief. USCIT R. 81(m); *see United States v. Monsanto Chemical Co.*, 7 Ct.Cust.Appls. 340, 341–42, T.D.

36901 (1916); *Thomas v. United States*, 13 Cust.Ct. 266, 267, Abs. 49650 (1944). Indeed, to strike plaintiff's brief, and to require submission of another brief, would merely delay the resolution of this case.

Therefore, it is the determination of the Court that defendant has failed to demonstrate that plaintiff's post-trial brief contains improper material that would require the Court to grant its motion to strike. Accordingly, defendant's motion to strike is denied, and defendant is ordered to file its post-trial brief within 10 days from the date of this order.