**CHANNEL MASTER, DIV. OF AVNET, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Court No. 80–5–00802.

United States Court of International Trade.

Nov. 25, 1987.

Fitch, King & Caffentzis (Richard C. King, New York City, on the motion), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Intern. Trade Field Office (Saul Davis, New York City, on the motion), for defendant.

## ON PLAINTIFF'S MOTION FOR REHEARING

RE, Chief Judge.

Pursuant to Rule 59(a) of the rules of this court, plaintiff has moved for a rehearing of the judgment in *Channel Master, Div. of Avnet, Inc. v. United States*, 10 CIT ——, 648 F.Supp. 10 (1986).

In *Channel Master*, plaintiff challenged the classification by the Customs Service of certain merchandise imported from Japan, and described on the customs invoice as "scanners." The merchandise was classified as "other solid-state (tubeless) radio receivers," under items 685.23 or 685.24 of the Tariff Schedules of the United States (TSUS), depending upon the date of importation. Consequently, the merchandise was assessed with duty at a rate of 10.4 per centum ad valorem.

After an examination of the merchandise, due deliberation of the pleadings, supporting papers, judicial precedents, and applicable authorities, the court held that the imported scanners were substantially complete radio receivers, and, therefore, had been properly classified as "other solid-state (tubeless) radio receivers," under items 685.23 or 685.24, TSUS.

By the present motion, plaintiff seeks to have the court vacate and set aside its judgment, and decide the case "on facts actually stipulated by the parties, rather than on new 'facts' added by defendant, without plaintiff's concurrence." Specifically, plaintiff contends that "[i]n this case

the decision has been based upon a brief containing ... factual allegations not contained in the stipulation...."

After a thorough consideration of the plaintiff's motion the court holds that the plaintiff has not satisfied the requirements for the granting of a rehearing. Since plaintiff has failed to demonstrate any grounds that would justify the granting of its motion, plaintiff's motion for rehearing is denied.

It is well established that the decision to grant or deny a motion for a rehearing lies within the sound discretion of the court. *See, e.g., ILWU Local 142 v. Donovan,* 10 CIT ——, Slip Op. 86–28 (Mar. 13, 1986); *Oak Laminates v. United States,* 8 CIT 300, 601 F.Supp. 1031 (1984), *aff'd,* 783 F.2d 195 (Fed.Cir.1986). In addition, Rule 59(a) of the rules of this court provides that a rehearing may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States...." USCIT R. 59(a).

In *W.J. Byrnes & Co. v. United States,* 68 Cust.Ct. 358, C.R.D. 72–5 (1972), the appropriate grounds for the granting of a rehearing were set out as follows:

> A rehearing may be proper when there has been some error or irregularity in the trial, a serious evidentiary flaw, a discovery of important new evidence which was not available, even to the diligent party, at the time of the trial, or an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which severely impaired a party's ability to adequately present its case. In short, a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding.

*Id.* at 358.

In support of its contention that the decision in this case should be vacated and reheard, plaintiff cites *Brookside Veneers, Ltd. v. United States,* 9 CIT 596 (1985). In *Brookside Veneers,* the plaintiff submitted to the court a brief which appended as exhibits, materials which had not been stipulated by the parties. The court granted defendants motion to strike plaintiff's brief, and directed plaintiff to file a new brief which did not contain materials that contradicted or supplemented the stipulated facts. In its decision, the court noted that the parties were bound by the stipulations of the parties, and, therefore, materials which contradicted the stipulated facts had "been improperly presented to the Court." 9 CIT at 597. The court also stated the basic principle that, when stipulated facts and exhibits constitute the entire trial record, "evidence outside the stipulation is not properly before the Court." *Id.* Accordingly, in reaching its decision, the court refused to consider evidence improperly offered or submitted. *Id.* (citing *R.C. Williams & Co., Inc. v. United States,* 10 CCPA 210, 217–18, C.A.D. 19 (1938)).

The court addressed a related or similar issue in *Jimlar Corp. v. United States,* 10 CIT ——, 647 F.Supp. 932 (1986). In the *Jimlar* case, defendant, the United States, moved for an order to strike plaintiff's post-trial brief alleging that it contained "references to four affidavits which were not introduced into evidence at the trial." 647 F.Supp. at 933. As to one of the affidavits, the court agreed and held that references to that particular affidavit in plaintiff's brief were improper. Nevertheless, since the references to the affidavit in no way prejudiced or misled the court, the court denied the motion to strike. In discussing improper submissions or references in the brief, the court stated that it would simply "disregard whatever references may be improper." *Id.* 647 F.Supp. at 935.

The *Brookside Veneers* and *Jimlar* cases indicate clearly that, in reaching a decision, evidence may not be considered which is not properly before the court. It is important to note, however, that both of those cases dealt with motions to strike a brief before the court had reached a decision. In this case, plaintiff did not move to strike defendant's brief until after the decision was issued. Although not improper, it would seem clear that plaintiff's request is, in effect, an effort to have the court recon-

sider its prior holding in the *Channel Master* case.

In essence, plaintiff contends that the court should not have considered certain assertions made by defendant, because they may have misled the court. The court is fully cognizant of the basic principle that factual assertions made by counsel must be based solely on the facts in evidence, or the court must disregard them. *See Tropi–Cal v. United States*, 63 Cust.Ct. 518, 521, C.D. 3945 (1969). Cases need hardly be cited for the proposition that counsel "... is not a witness." *See 6 Wigmore, Evidence* § 1806 (3d ed. 1940). Furthermore, it is fundamental in customs classification cases that " 'in order to produce uniformity in the imposition of duties, the dutiable classification of articles imported must be ascertained by an examination of the imported article itself, in the condition in which it is imported.' " *United States v. Citroen*, 223 U.S. 407, 414–15, 32 S.Ct. 259, 260, 56 L.Ed. 486 (1912) (quoting *Worthington v. Robbins*, 139 U.S. 337, 341, 11 S.Ct. 581, 583, 35 L.Ed. 181 (1891)). In making a determination as to the proper classification of imported merchandise, the court must look to the merchandise and the evidence introduced. Unless this evidence supports counsel's assertions of fact, upon which a contention or claim is based, "such statements of counsel would not justify a favorable finding of fact." *See Tropi–Cal v. United States*, 63 Cust.Ct. 518, 521, C.D. 3945 (1969).

Plaintiff asserts that the defendant states in its brief that by placing batteries in the imported articles and turning up the volume, "the consumer would obtain the full audible range of radio frequencies the scanning receivers were capable of receiving." Plaintiff contends that there is "nothing in the stipulation to support [this] contention." In addition, plaintiff contends that the defendant also disregards the stipulation when it argues that "[t]he radio crystal is merely essential to filter out the undesirable radio frequencies designed to be received by the scanning receiver." Plaintiff asserts that the stipulation states that the crystals select the desired frequency. In its decision the court noted that

selection, detection, and amplification, are the basic functions of radio receivers. *Channel Master*, 648 F.Supp. at 13. Therefore, plaintiff asserts that defendant has misrepresented the facts which show that it is the missing crystals that perform the required selection function.

According to plaintiff the omitted crystals "constitute the essence of the selection and detection functions" of the imported articles, and, therefore, the alleged misrepresentations by defendant as to the function of the crystals "should not be countenanced by this Court." Plaintiff emphasizes that the crystal is essential to the functioning of the scanners, and that an article which is missing an essential component cannot be "substantially complete."

The *Channel Master* opinion reveals that the court neither considered, nor relied upon, any allegedly improper material in the defendant's brief. In its decision, the court clearly stated that "[i]n the present case, the parties have stipulated that the scanners, as imported, do not 'have the ability' to perform selection or detection." *Channel Master*, 648 F.Supp. at 13. In addition, the court stated that "[t]he parties also stipulated that, after the crystals are inserted, the scanners can operate to receive radio broadcasts." *Id.* 648 F.Supp. at 14. Hence, the court concluded that "once the appropriate crystals are inserted, the scanners can perform these three basic functions of selection, amplification, and detection." *Id.*, 648 F.Supp. at 14.

In *Channel Master*, as the court noted, an article may be classified under item 685.24, TSUS, whether it is finished or unfinished. *Id.* 648 F.Supp. at 14 (citing *General Electric Co. v. United States*, 2 CIT 84, 90, 525 F.Supp. 1244, 1248 (1981), *aff'd*, 69 CCPA 166, 681 F.2d 785 (1982)). In determining that the imported articles were properly classified as unfinished radio receivers under Rule 10(h), the court applied the criteria set forth in *Daisy–Heddon, Div. Victor Comptometer Corp. v. United States*, 66 CCPA 96, 600 F.2d 799 (1979). *Id.* 648 F.Supp. at 12. In *Daisy–Heddon*, the court held that in determining whether an article is unfinished under Rule 10(h)

the test is whether the article is "substantially complete," not whether it lacks an "essential" part. 66 CCPA 96, 102, 600 F.2d 799.

The court, in *Channel Master*, found the scanners to be substantially complete because "although the crystals are necessary to permit the scanner to operate, the crystal is merely one of numerous other components, all of which enable the scanners to perform the basic functions of a radio receiver." 648 F.Supp. at 16. Plaintiff urged the court to adopt the "essential part" test, claiming that the crystals "are the 'heart' of the radio, and that without them the scanners cannot properly be classified as radio receivers." *Id.* 648 F.Supp. at 16. The court, however, ruled against plaintiff on this point and stated that in *Daisy–Heddon*, the court of appeals expressly rejected the "essential part" test. *See id.* at 648 F.Supp. at 14.

In *Channel Master*, the court expressly stated that "[i]t is undisputed that the crystals are necessary to the use of the scanner as a radio receiver." *Id.* 648 F.Supp. at 16. The court, however, went on to state that this "does not prevent the scanners from being unfinished receivers pursuant to Rule 10(h) and the *Daisy–Heddon* criteria."

*Id.* It is clear that, notwithstanding the contentions of plaintiff, the court applied the relevant case law to the stipulated facts, and concluded that the absence of the crystals did not preclude the imported scanners from being "substantially complete radio receivers." *Id.* 648 F.Supp. at 15. Hence, the court held that the scanners in their condition as imported were properly classified as "other solid-state (tubeless) radio receivers," under item 685.-23 or 685.24, TSUS. *Id.* 648 F.Supp. at 16.

After careful consideration of the arguments of the parties, the court holds that plaintiff's contentions have been duly considered and decided in the case of *Channel Master, Div. of Avnet, Inc., v. United States*, 10 CIT ——, 648 F.Supp. 10 (1986). Plaintiff has not demonstrated any grounds that would justify the granting of its motion for rehearing. Hence, its motion for rehearing is denied.