SACHS AUTOMOTIVE PRODUCTS CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND FEDERAL-MOGUL CORP., DEFENDANT-INTERVENOR

Court No. 92–04–00271

(Decided July 19, 1993)

*Appearances:*

*Fenwick & West (Roger Golden* and *Christopher Costa,* Esqs.), for plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Civil Division, Commercial Litigation Branch, U.S. Department of Justice *(A. David Lafer,* Esq., Senior Trial Counsel), for defendant.

*Frederick L. Ikenson, P.C., (Frederick L. Ikenson* and *Joseph A. Perna,* Esqs.), for defendant-intervenor.

## MEMORANDUM ORDER

NEWMAN, *Senior Judge:* Defendant moves pursuant to USCIT Rule 12(f) to strike Sachs' motion for judgment upon the agency record, without prejudice to refiling an expurgated brief. Plaintiff moves to compel defendant to produce certain missing objects and documents designated as part of the administrative record. For the following reasons, the court grants both motions.

In 17 CIT 290, Slip Op. 93–59 (April 26, 1993), the court determined that three documentary items were not presented to or obtained by Commerce and are accordingly outside the administrative record. Slip Op. at 8 (citing 19 U.S.C. § 1516a(b)(2)(A)(i)). Nevertheless, Sachs has cited to and appended one item that was the subject of that decision to its Rule 56.2 brief. *See* Plaintiff's App. "H" (Spetrini memo). Sachs has also impermissibly cited an unpublished decision in contravention to Fed. Cir. Rule 47.6.

Under USCIT Rule 12(f), a motion to strike constitutes an extraordinary remedy and should be granted where there has been a flagrant disregard of the court's rules. *See Fujitsu General, Ltd. v. United States,* 15 CIT 432, 433 (1991). The court has compared Sachs' brief and appendix with the administrative record and determines that numerous objectionable citations do appear throughout Sachs' motion papers. The instant case, therefore, is not one where the court can conveniently disregard the improper citations. *Cf. Jimlar Corp. v. United States,* 10 CIT 671, 673, 647 F. Supp. 932, 935 (1986).

Nor would it be fair to the other parties to require them to respond to a submission replete with references dehors the record. Sachs is free to offer whatever *legal* arguments it chooses, including those it offered at the July 15, 1991 meeting with Commerce; however, it must respect the parameters of the court's standard of review.

In the unlikely event that the court's decision in Slip Op. 93–59 was in some way unclear to Sachs, the court trusts that this decision will spell matters out more clearly. Sachs' expurgated brief is to be sanitized of citations to the Wolfmaier affidavits, as well as all materials determined to be outside the record in Slip Op. 93–59, and any other impermissible citation to materials outside the record. Sachs will not be required to prepare an abridged documentary appendix; the court will simply disregard the offending items currently appended to Sachs' brief. However, if the court determines that Sachs' next submission contains similar violations of the rules and of court orders, resort may be had to such remedies that the Rules provide (e.g., USCIT R. 11, 41(b)(3)).

Finally, the court is informed that three items designated as part of the record are within the custody of Commerce and are not presently on file with the court.[1] The court further understands, that although these items are currently the subject of a subpoena from the United States District Court for the District of Maryland, they are available upon request by the parties or the court. *See* Plaintiff's App. "B," Letter of Thomas H. Fine, Esq. Since there is no disagreement that these matters are part of the record for review, the court directs that they be filed with the Clerk's Office within the time specified by this order.

---

[1] These items are A.R. 14 (Sachs' clutch releasers), A.R. 15 (bearings of other manufacturers), and A.R. 16 (color chart).

## ORDER

It is hereby ORDERED that defendant's motion to strike Sachs' brief in support of its motion for judgment upon the agency record pursuant to Rule 56.2 is GRANTED. Sachs is directed to file an expurgated brief on or before July 30, 1993. Defendant and intervenor Federal-Mogul will file responsive briefs on or before August 30, 1993. Sachs will file its reply on or before September 10, 1993.

It is further ORDERED that Sachs' motion is GRANTED and that record items designated as A.R. 14, 15, and 16 are accordingly to be transmitted to the Clerk of the Court no later than two weeks from the service of Sachs' reply.