**Slip Op. 03-159**

# UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

| | | |
|---|---|---|
| _____ | : | |
| | : | |
| ELKEM METALS COMPANY and | : | |
| GLOBE METALLURGICAL INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | Court No. 02-00232 |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| RIMA INDUSTRIAL S/A, | : | |
| | : | |
| Defendant-Intervenor. | : | |
| _____ | : | |

The United States moves to dismiss the action brought by plaintiffs, Elkem Metals Company and Globe Metallurgical Inc. (collectively "Elkem Metals"), pursuant to USCIT R. 12(b)(1). The United States further requests that, if its motion is denied, the Court extend the time in which responses are due to plaintiffs' motion for judgment upon the agency record. Defendant-intervenor, RIMA Industrial S/A ("RIMA"), subsequently moves to strike portions of plaintiffs' opposition to defendant's motion to dismiss pursuant to USCIT R. 12(f).

**Held:** For reasons stated below, defendant-intervenor's motion to strike is denied. Defendant's motion to dismiss is denied. Defendant and defendant-intervenor have thirty (30) days from the issue date of this opinion to respond to plaintiffs' R. 56.2 motion.

December 9, 2003

Piper Rudnick LLP (William D. Kramer) for plaintiffs, Elkem Metals Company and Globe Metallurgical Inc.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Reginald T. Blades, Jr.); of counsel:

Barbara J. Tsai, Office of Chief Counsel for Import Administration, United States Department of Commerce, for the United States, defendant.

Greenberg Traurig, LLP (Philippe M. Bruno) for defendant-intervenor, RIMA Industrial S/A.

## MEMORANDUM OPINION

**TSOUCALAS, Senior Judge:** The United States moves to dismiss the action brought by plaintiffs, Elkem Metals Company and Globe Metallurgical Inc. (collectively "Elkem Metals"), pursuant to USCIT R. 12(b)(1). The United States further requests that, if its motion is denied, the Court extend the time in which responses are due to plaintiffs' motion for judgment upon the agency record. Defendant-intervenor, RIMA Industrial S/A ("RIMA"), subsequently moves to strike portions of plaintiffs' opposition to defendant's motion to dismiss pursuant to USCIT R. 12(f).

## DISCUSSION

The United States Department of Commerce ("Commerce") contends that this Court lacks subject matter jurisdiction to hear this action because the case is moot. See Def.'s Mot. Dismiss Lack of Jurisdiction as Moot & Mot. Suspend Briefing Upon the Merits Pending Decision Upon the Mot. Dismiss ("Def.'s Mot.") at 1. Specifically, Commerce argues that the relief requested by plaintiffs in their 56.2 motion for judgment upon the agency record

"would have no practical effect upon the outcome of the administrative review." Id. at 4. According to Commerce, "a recalculation of [constructed value ("CV")] to include RIMA's [value-added taxes ("VAT")] input costs in accordance with Elkem's worksheet will not result in any change to the final margin." Id. at 3. In support of its contention, Commerce offers an affidavit from the Import Administration certifying that a recalculation of RIMA's CV, which includes the VAT paid by RIMA for certain production units as calculated by plaintiffs, would not result in an above de minimis margin. See Def.'s Mot at 5; App. Def.'s Mot. Dismiss at App. 1. Accordingly, any decision rendered by this Court on the merits would constitute an advisory opinion. See Def.'s Mot. at 4. To support its argument, Commerce cites a string of cases this Court dismissed when the challenge presented could not be redressed in any meaningful way by a Court ruling. See id. at 8-9.

Plaintiffs respond that certain calculations made by RIMA, which effect Commerce's calculations regarding CV, are inaccurate. See Pls.' Opp'n Def.'s Mot. To Dismiss for Lack of Jurisdiction as Moot ("Pls.' Opp'n Def.'s Mot.") at 7. Specifically, plaintiffs point to three deficiencies. First, plaintiffs challenge the information contained in one of RIMA's exhibits dealing with two types of Brazilian VAT that contain mathematical errors.

Plaintiffs maintain that correcting such errors would result in a calculated dumping margin of 0.49 percent, just 0.01 percent below the <u>de minimis</u> threshold.  <u>See</u> <u>id.</u>  Second, plaintiffs argue that RIMA's reported values for production inputs, such as electricity and carbon electrodes, are inaccurate, thereby resulting in an understatement of the reported taxes paid on such inputs.  <u>See</u> <u>id.</u> Third, plaintiffs contend that RIMA failed to report all of the taxes paid on certain inputs for each month covered by the period of review.  <u>See</u> <u>id.</u> at 8.  Plaintiffs argue that if RIMA's tax calculations are adjusted to eliminate all these errors, Commerce would calculate a dumping margin in excess of the 0.50 percent <u>de minimis</u> threshold.  <u>See</u> <u>id.</u> at 8-9.[1]

> Plaintiffs also argue that Commerce's
>
> refusal to include the VAT paid on inputs in CV was not based on the issue it is now raising--whether the VAT amount that must be included in CV generates a dumping margin.  Instead, [Commerce's] decision was based on a policy under which it includes VAT in CV only if the amount of VAT paid on inputs exceeds the amount of VAT collected on domestic sales of the final product.

---

[1]    Plaintiffs also note that Commerce was notified of these deficiencies during the administrative review, but that Commerce took no steps to verify the information reported by RIMA. <u>See</u> Pls.' Opp'n Def.'s Mot. at 9.  In its reply brief, Commerce argues that Elkem Metals did not raise this issue during the administrative review. <u>See</u> Def.'s Reply Pls.' Opp'n Def.'s Mot. Dismiss Lack of Jurisdiction as Moot ("Def.'s Reply") at 4.  The Court refers Commerce to the administrative record, which documents written comments to Commerce regarding fundamental problems in the VAT amount reported by RIMA.  <u>See</u> Confidential App. Pls.' Br. Supp. Mot. J. Upon the Agency R. ("Pls.' App.") at App. 6.

<u>Id.</u> at 13.  Plaintiffs point out that this policy was central to Commerce's decision not to include the VAT paid on inputs in the calculation of CV in both the preliminary and final results. According to plaintiffs, this policy has been rejected by the Court of Appeals for the Federal Circuit ("CAFC") in <u>Aimcor v. United States</u>, 141 F.3d 1098, 1109 (Fed. Cir. 1998), and <u>Camargo Correa Metais, S.A. v. United States</u>, 200 F.3d 771, 774 (Fed. Cir. 1999).

Finally, plaintiffs alternatively argue that this case is not moot because the issue is capable of repetition, yet evades review and, therefore, fits the mootness exception doctrine.  <u>See</u> Pls.' Opp'n Def.'s Mot. at 15.  Plaintiffs note that "the issue has already arisen in at least four segments of the antidumping proceeding on silicon metal from Brazil (the original investigation and the 1996-97, 1997-98, and 1999-2000 administrative reviews)." <u>Id.</u> at 16.  Moreover, since Commerce revoked the order on silicon metal from Brazil on December 17, 2002, <u>see</u> <u>Final Results of Antidumping Duty Administrative Review and Revocation of Order in Part of Silicon Metal from Brazil</u>, 67 Fed. Reg. 77,225, based on a calculation of zero dumping margin for three consecutive reviews, this issue evades review.[2]  <u>See</u> Pls.' Opp'n Def.'s Mot. at 16.

---

[2]    This Court agrees with Commerce that the exception to the mootness doctrine applies to the legal issue being litigated, that is whether Commerce must include the VAT paid on inputs in its CV calculation, and not to the narrow effect the issue has on a particular party.  <u>See</u> <u>Verson v. United States</u>, 22 CIT 151, 153-55,

**A.** **RIMA's Motion to Strike Portions of Plaintiffs' Opposition to Defendant's Motion to Dismiss this Action as Moot**

The Court must first address RIMA's motion to strike the pleadings before it proceeds to consider defendant's motion to dismiss. Generally, motions to strike are considered "disfavored" or "extraordinary" remedies. See Acciai Speciali Terni S.p.A. v. United States, 24 CIT 1211, 1212-13, 120 F. Supp. 2d 1101, 1106 (2000); Hynix Semiconductor, Inc. v. United States, 2003 Ct. Intl. Trade LEXIS 127, Slip Op. 03-128, at *3 (CIT Sept. 30, 2003). The Court will grant a motion to strike only when there is a "flagrant disregard of the rules of court." Jimlar Corp. v. United States, 10 CIT 671, 673, 647 F. Supp. 932, 934 (1986). Accordingly, the court "will not grant motions to strike unless the brief demonstrates a lack of good faith, or that the court would be prejudiced or misled by the inclusion in the brief of the improper material." Id. Plaintiffs did not demonstrate bad faith nor is the Court prejudiced or misled by the brief supporting plaintiffs' motion for judgment upon the agency record. Therefore, the Court denies RIMA's motion.

**B.** **Defendant's Motion to Dismiss this Case as Moot**

The defendant's USCIT R. 12(b)(1) motion to dismiss focuses

---

5 F. Supp. 2d 963, 965-66 (1998) (stating that "[a]n antidumping determination is not of too short a duration to prevent complete judicial review" and holding that "the issue raised is likely to be subject to agency action in the future").

on whether the Court has subject matter jurisdiction to hear this case. The Court must determine "whether the moving party challenges the sufficiency of the pleadings or the factual basis underlying the pleadings." Corrpro Cos. v. United States, 2003 Ct. Intl. Trade LEXIS 60, Slip Op. 03-59, at *4 (CIT June 4, 2003). Since the defendant challenges the sufficiency of the pleadings, the Court must construe such pleadings in a light most favorable to plaintiffs. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that "it is well established that, in passing on a motion to dismiss . . . on the ground of lack of jurisdiction over the subject matter[,] . . . the allegations of the complaint should be construed favorably to the pleader"). Although the plaintiffs bear the burden of establishing jurisdiction because they seek to invoke this Court's jurisdiction, see Old Republic Ins. Co. v. United States, 14 CIT 377, 379, 741 F. Supp. 1570, 1573 (1990) (citations omitted), the Court's role in determining whether to dismiss this case is simply to decide whether the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction." Nippon Steel Corp. v. United States, 2001 Ct. Intl. Trade LEXIS 161, Slip Op. 01-153, at *5-*6 (CIT Dec. 28, 2001)(quotation and citation omitted).

The issue raised in plaintiffs' 56.2 motion is whether Commerce erred in excluding the Brazilian VAT paid by RIMA on

inputs used to produce exported silicon metal from Commerce's calculation of CV.  See Mot. J. Upon the Agency R. at 1; "Pls.' Opp'n Def.'s Mot." at 2-4; Pls.' Opp'n Def.-Intervenor's Mot. Strike R. Portions Pls.' Opp'n Def.'s Mot. Dismiss at 3.  The administrative review challenged by plaintiffs encompasses imports of silicon metal from Brazil during the period of review ("POR") from July 1, 1999, through June 30, 2000.  See Final Results of Antidumping Duty Administrative Review of Silicon Metal from Brazil ("Final Results"), 67 Fed. Reg. 6,488 (Feb. 12, 2002).  On August 6, 2001, Commerce published the preliminary results of the instant reviews and found that the silicon metal being produced by RIMA was not being sold at less than fair value.  See Preliminary Results of Antidumping Duty Administrative Review and Notice of Intent Not To Revoke Order in Part on Silicon Metal From Brazil ("Preliminary Results"), 66 Fed. Reg. 40,980.  During the preliminary review, Elkem Metals first raised the issue presented in plaintiffs' motion for judgment upon the agency record.  See Pls.' App. at App. 6 (proprietary version).  On February 12, 2002, Commerce published the Final Results finding again that silicon metal from Brazil produced by RIMA was not being sold at less than fair value.

Section 1677b(e) of Title 19 of the United States Code reads, in pertinent part, that in the calculation of CV, "the cost of materials shall be determined without regard to any internal tax in

the exporting country imposed on such materials or their disposition which are remitted or refunded upon exportation of the subject merchandise produced from such materials." 19 U.S.C. § 1677b(e) (2000). The CAFC first touched upon this issue in Aimcor, 141 F.3d at 1109 n.19, and held that "the Brazilian system of keeping a running total of taxes paid and collected and then 'settling up' monthly with the Brazilian government does not seem[] to meet the literal requirements of the statute in terms of refund and remittance." Subsequently, in Camargo, 200 F.3d at 774, the CAFC held that under the plain meaning of 19 U.S.C. § 1677b(e), the VAT must be included in the calculation of the CV of exported products unless such taxes are "remitted or refunded" upon exportation. In light of these holdings, the Court agrees with plaintiffs that Commerce's motion to dismiss is merely an attempt to avoid responding to plaintiffs' arguments on the merits.

Commerce's arguments in support of the motion to dismiss rest on a single reference in plaintiffs' moving papers. Mainly, Commerce focuses on plaintiffs' summary of the VAT that plaintiffs allege should have been used in Commerce's calculation of CV that is attached to plaintiffs' moving brief as a worksheet. Although plaintiffs represent that this worksheet reflects the amount of the VAT that should have been included in the calculation of RIMA's CV, the Court is not restricted from considering plaintiffs'

argument from subsequent papers. When this exhibit was challenged by Commerce, plaintiffs clarified that the figures provided in the worksheet represented only an "estimate." The arguments subsequently raised by plaintiffs regarding the above de minimis dumping margin that would result from Commerce's correction of certain additional errors sufficiently fulfill plaintiffs' burden of establishing jurisdiction. Commerce does not submit one bit of evidence to rebut plaintiffs' allegations with regard to such errors, and since the allegations of the complaint should be construed in a light most favorably to the pleader, defendant's motion to dismiss is denied.

## CONCLUSION

RIMA's motion to strike portions of plaintiffs' opposition to defendant's motion to dismiss is denied. Since plaintiffs sufficiently met their burden to prove this Court has jurisdiction to hear this case, defendant's motion to dismiss is also denied.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:     December 9, 2003
           New York, New York