**Slip Op. 04-145**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

```
_____
                                        :
ELKEM METALS COMPANY and                :
GLOBE METALLURGICAL INC.,               :
                                        :
             Plaintiffs,                :
                                        :
        v.                              :
                                        :
UNITED STATES,                          :   Court No. 02-00232
                                        :
             Defendant,                 :
                                        :
             and                        :
                                        :
RIMA INDUSTRIAL S/A,                    :
                                        :
             Defendant-Intervenor.      :
_____:
```

[Commerce's <u>Remand Redetermination</u> is remanded.]

 <u>Piper Rudnick LLP</u> (<u>William D. Kramer</u> and <u>Martin Schaefermeier</u>) for Elkem Metals Company and Globe Metallurgical, Inc., plaintiffs.

 <u>Peter D. Keisler</u>, Assistant Attorney General; <u>David M. Cohen</u>, Director, and <u>Reginald T. Blades, Jr.</u>, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice; of counsel: <u>Barbara J. Tsai</u>, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for the United States, defendant.

 <u>Greenberg Traurig, LLP</u> (<u>Philippe M. Bruno</u> and <u>Rosa S. Jeong</u>) for Rima Industrial S/A, defendant-intervenor.

November 16, 2004

**<u>OPINION</u>**

**I. Standard of Review**

 The Court will uphold the United States Department of Commerce's ("Commerce") redetermination pursuant to the Court's

remand unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i) (2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966) (citations omitted).

## II. Background

Commerce issued its final results of the antidumping duty administrative review on silicon metal from Brazil on February 12, 2002. See Final Results of Antidumping Duty Administrative Review of Silicon Metal From Brazil ("Final Results"), 67 Fed. Reg. 6,488 (Feb. 12, 2002). Elkem Metals Company and Globe Metallurgical Inc. (collectively, "Plaintiffs") filed a complaint on April 15, 2002, challenging Commerce's Final Results. See Compl. On October 24, 2002, Plaintiffs filed a motion for judgment upon the agency record and requested that the Court remand the Final Results to Commerce with instructions to include in its constructed value ("CV")

calculation the value added tax ("VAT"), which was paid by Rima Industrial S/A ("Rima") upon certain production inputs.[1] See Pls.' Br. Supp. Mot. J. Upon Agency R. at 11. Commerce subsequently made a motion to dismiss for lack of jurisdiction as moot because Commerce's test calculation did not change the final dumping margin. See Def.'s Reply Pls.' Opp'n Def.'s Mot. Dismiss Lack Juris. Moot at 9. On February 14, 2003, Rima moved to strike from the Court record portions of Plaintiffs' opposition to Commerce's motion to dismiss. See Def.-Intervenor's Mot. Strike R. Portions Pls.' Opp'n Def.'s Mot. Dismiss. The Court denied Rima's motion and ordered Rima and Commerce to respond to Plaintiffs' motion. See Elkem Metals Co. v. United States, 27 CIT ___, 297 F. Supp. 2d 1347 (2003).

On January 29, 2004, Commerce filed a motion for voluntary remand for it to include the VAT Rima incurred upon inputs used for silicon metal production in its calculation of CV. See Def.'s Mot. Remand. Rima consented to the remand but noted that the calculation of CV also requires an accounting of the VAT credits included in Rima's costs thereby ensuring that double counting does

---

[1] Two types of VAT are at issue in this proceeding, *imposto sobre a circulacao de mercadorias e servicos and imposto sobre produtos industrialzados*, which are imposed by the Brazilian government on purchases of certain goods and services. See Def.-Intervenor Rima Resp. Pls.' Comments Commerce Final Remand Results ("Rima's Resp.") at 3.

not occur. See Def.-Intervenor Rima Resp. Def.'s Mot. Remand at 2-3. On February 25, 2004, the Court remanded this matter to Commerce. On June 8, 2004, Commerce submitted its Final Results of Redetermination Pursuant to Court Remand ("Remand Redetermination"). On July 22, 2004, Plaintiffs filed comments with the Court regarding the Remand Redetermination and Commerce subsequently submitted its response to Plaintiffs' comments on September 16, 2004. Rima filed its response to Plaintiffs' comments on September 17, 2004. An oral argument was held before this Court on November 12, 2004.

## III. Commerce Improperly Excluded the VAT Rima Paid on Inputs in its Calculation of CV

### A. Contention of the Parties

#### 1. Plaintiffs' Contentions

Plaintiffs contend that 19 U.S.C. § 1677b(e) (2000) and case law require Commerce to include the VAT Rima paid on inputs in calculating CV. See Pls.' Comments Commerce Final Remand Results ("Plaintiffs' Comments") at 6-9. Plaintiffs argue that Commerce improperly excluded the VAT Rima paid on inputs. See id. Commerce's decision was based on a recent clarification made in the Final Results of Antidumping Duty Administrative Review of Silicomanganese From Brazil ("Final Results of Silicomanganese"),

69 Fed. Reg. 13,813 (Mar. 24, 2004).[2]  See id. at 6.  Plaintiffs contend that Commerce's rationale for excluding the VAT from Rima's CV calculation "is no different than its rationale for excluding the VAT in its original determination in this case."  Id. at 7-8. Furthermore, Plaintiffs assert that Commerce "cited no record evidence to support its finding that Rima fully recovered the VAT it paid on inputs during the [period of review] and no such evidence exists."  Id. at 7.

Plaintiffs argue that Commerce's interpretation is contrary to the plain language of the statute and to what the Court of Appeal for the Federal Circuit ("CAFC") actually decided.  See id. at 9. The plain language of the statute allows for the exclusion of taxes paid on inputs from CV only when the VAT is remitted or refunded upon exportation.  See id. at 9 (emphasis omitted).  Plaintiffs note that the CAFC held that "unless [VAT] are remitted or refunded

---

[2]     Commerce interpreted Aimcor v. United States, 141 F.3d 1098 (Fed. Cir. 1998), and Camargo Correa Metais, S.A. v. United States, 200 F.3d 771, 774 (Fed. Cir. 1999) as "not dictat[ing] that VAT must always be included in CV unless the tax is remitted or refunded upon exportation."  See Plaintiffs' Comments at 6-9 (quoting Final Results of Silicomanganese, 69 Fed. Reg. at 13,813). In Final Results of Silicomanganese, 69 Fed. Reg. at 13,813, Commerce determined that when the VAT paid is recovered by the producer during the period of review, the VAT is not incurred and does not constitute a material cost for the purposes of calculating CV.  See Plaintiffs' Comments at 6.  Moreover, Commerce found that 19 U.S.C. § 1677b(e) does not prohibit the exclusion of VAT from CV if those taxes are recovered after the exportation of the subject merchandise.  See id. at 7 (citing Final Results of Silicomanganese, 69 Fed. Reg. at 13,813).

'upon exportation' they are properly included in the constructed value of the exported merchandise." Id. (quoting Camargo, 200 F.3d at 774. The record indicates that the VAT paid by Rima on inputs was not remitted or refunded upon exportation. See id. Accordingly, Plaintiffs argue that based on the plain language of the statute and the CAFC case law the VAT incurred by Rima on inputs must be included in CV.

### 2. Commerce's Contentions

Commerce responds that the language of 19 U.S.C. § 1677b(e) requires that "internal taxes remitted or refunded upon exportation of the associated merchandise are to be disregarded in the calculation of constructed value." Def.'s Resp. Pls.' Comments Upon Commerce's Final Remand Determination ("Commerce's Resp.") at 4. Commerce asserts that the statute "provides no direction specifically for the treatment of internal taxes that are not remitted or refunded upon exportation of the associated merchandise." Id. Consequently, Commerce may recognize "that the Brazilian tax system provides mechanisms for the recovery of taxes paid, and Commerce may account for that recovery to determine the correct value of taxes actually incurred for inclusion in calculating constructed value." Id. Commerce argues that including the full amount of VAT Rima paid on inputs purchased would not accurately represent the cost of those materials if Rima

recovered some or all of the VAT paid.   See id.  Based on this determination, Commerce's calculation of CV excluded the VAT paid by Rima.

Commerce further asserts that Plaintiffs' reliance upon the holdings of the CAFC, in Aimcor, 141 F.3d 1098 and Camargo, 200 F.3d 771, are misplaced.  See Commerce's Resp. at 5.  Commerce notes that the CAFC "found that the Brazilian VAT at issue was not remitted or refunded upon exportation of the associated merchandise and, therefore, was not required to be excluded from CV."  Id. Commerce maintains that it may acknowledge that VAT paid on inputs may be recovered prior to exportation.  See id.  Commerce notes that the CAFC stated that "allowing a respondent to demonstrate that taxes paid upon inputs had been recovered 'does not foreclose a future interpretation of the statute that requires taxes to be remitted or refunded upon exportation to be excluded from the cost of materials.'" Id. at 6 (quoting Aimcor, 141 F.3d at 1109, n.19). Commerce argues that Camargo, 200 F.3d at 771, "stands for only the proposition that because the Brazilian VAT system does not remit or refund taxes upon exportation of the associated merchandise, the VAT paid cannot automatically, as a matter of law, be excluded from CV."  Commerce's Resp. at 8.

Commerce maintains that it reviewed and analyzed comments received upon publication of its draft remand results.  See id. at

12.  For the <u>Final Results</u>, Commerce found that the amount of VAT Rima paid upon inputs exceeded the amount of VAT it collected from domestic customers.  <u>See</u> <u>id.</u>  Commerce found that "Rima had maintained a net VAT credit balance."  <u>Id.</u>  Thus, Commerce treated Rima's application of VAT credits towards input purchases as a recovery of VAT taxes paid.  <u>See</u> <u>id.</u> at 13.  Rima did not incur any net VAT costs because the VAT Rima paid exceeded the amount of VAT Rima collected, resulting in a VAT credit balance.  <u>See</u> <u>id.</u> at 12-13.  Under the Brazilian law in effect during the period of review, VAT credit balances could be used to purchase additional inputs.  <u>See</u> <u>id.</u> at 14-15.  Commerce found that "while Rima initially paid VAT amounts upon inputs, it fully recovered these amounts prior to exportation through the use of VAT credit as cash such that Rima did not actually incur any VAT during the [period of review]."  <u>Id.</u> at 13. Accordingly, Commerce excluded VAT in determining the cost of materials component of CV.

### 3.    Rima's Contentions

Rima generally agrees with Commerce that the Court should sustain the <u>Remand Redetermination</u>.  <u>See</u> Rima's Resp. at 1-8. Taxes are remitted to the Brazilian government only when the amount of taxes collected by Rima from domestic customers is greater than the amount of taxes paid by Rima on inputs.  <u>See</u> <u>id.</u> at 3-4.  On the other hand, if the amount of VAT paid on inputs is greater than

the amount collected from domestic customs, the balance is retained by Rima as a credit which may be used as cash to purchase inputs. See id. at 4. Rima asserts that the amount of VAT it paid on inputs exceeded the amount collected from domestic customers and, therefore, Rima accumulated VAT credits. See id. Rima used the VAT credits to pay its suppliers for certain inputs used to produce silicon metal. See id. Rima notes that it recovered all VAT paid for inputs prior to exportation. See id. at 7. Because Rima had recovered all of the VAT paid by the time of exportation, Rima asserts that "there were no taxes to be 'remitted or refunded.'" Id. Rima asserts that "[r]ather than holding on to its VAT credits to be offset against future liabilities arising out of domestic market sales, Rima used VAT credits in lieu of cash to purchase inputs which were consumed in the production of the subject merchandise." Id. Accordingly, Rima contends that VAT was not a cost of materials at the time of exportation and that Commerce properly excluded VAT from CV. See id.

### B. Analysis

In determining normal value ("NV"), Commerce may disregard sales made at less than the cost of production. See 19 U.S.C. § 1677b(b)(1). If such sales are disregarded, the statute directs Commerce to base NV on the remaining sales of the foreign like product in the ordinary course of trade. See id. If, however, there are no sales made in the ordinary course of trade, Commerce

is to base NV on the CV of the merchandise.[3]  See id.  In calculating CV, the statute states that "the cost of materials shall be determined without regard to any internal tax in the exporting country imposed on such materials or their disposition which are <u>remitted or refunded upon exportation of the subject merchandise</u> produced from such materials."  See 19 U.S.C. §1677b(e) (emphasis added).  Plaintiffs argue that the plain language of the statute requires Commerce's calculation of CV  to include the Brazilian VAT paid on inputs by Rima.  See Plaintiffs' Comments at 9.  In opposition, Commerce argues that the statute is ambiguous with respect to the treatment of internal taxes which are not remitted or refunded upon exportation of the subject merchandise. See Commerce's Resp. at 4.  The Court finds that the plain language of the statute requires the inclusion of the VAT Rima paid upon inputs in the calculation of CV.

The CAFC has noted that "the Brazilian system of keeping a running total of taxes paid and collected and the 'settling up'

---

[3]     The statute states that the CV is the amount equal to the sum of:

(1) the cost of materials and fabrication or other processing of any kind employed in producing the merchandise, during a period which would ordinarily permit the production of the merchandise in the ordinary course of business.

19 U.S.C. § 1677b(e).

monthly with the Brazilian government does not seems [sic] to meet the literal requirements of the statute in terms of refund and remittance." Aimcor, 141 F.3d at 1109 n.19. Commerce contends that it "is not required to ignore that the Brazilian tax system provides mechanisms for the recovery of taxes paid, and Commerce may account for that recovery to determine the correct value of taxes actually incurred for inclusion in calculating constructed value." Commerce's Resp. at 4. The statute directs Commerce to determine the cost of materials "without regard to any internal tax in the exporting country imposed on such materials . . . ." 19 U.S.C. § 1677b(e). The statute, however, directs Commerce to exclude internal taxes from the calculation of CV only when such taxes "are remitted or refunded upon exportation of the subject merchandise produced from such materials." Id.

Contrary to Commerce's contention, the plain language of the statute is unambiguous. The language of the statute precludes Commerce from including an internal tax in its calculation of CV when such a tax is remitted or refunded upon exportation. See id. When internal taxes are not refunded or remitted upon exportation of the subject merchandise, Commerce must include such internal taxes paid on inputs in its calculation of CV. See Camargo, 200 F.3d at 774. Here, the VAT Rima paid was not remitted or refunded upon exportation of the subject merchandise. RIMA's use of VAT

credits to purchase inputs during the period of review does not constitute a remittance or refund upon exportation. See Aimcor, 141 F. 3d at 1109 n.19. Commerce does not have the statutory authority to account for VAT which is remitted or refunded prior to or after exportation of the subject merchandise. The statute directs Commerce to account for the recovery of VAT which is remitted or refunded upon exportation.[4] See 19 U.S.C. § 1677b(e). The plain language of the statute is clear on its face and requires Commerce to include the VAT Rima paid on inputs in CV. The Court finds Commerce's exclusion of the VAT Rima paid on inputs in the calculation of CV is not in accordance with law.

## Conclusion

The Court finds that Commerce failed to follow this Court's remand instruction to include the VAT paid by Rima in the calculation of CV. Commerce has not provided a reasonable explanation for excluding the VAT Rima paid from the CV

---

[4] Under Commerce's interpretation of the statute, Commerce would recognize and account for VAT recovered prior to exportation and not just VAT remitted or refunded upon exportation. Commerce asserts that Rima recovered VAT paid prior to exportation through VAT credits which were used to purchase inputs during the period of review. See Remand Redetermination at 6. The statute, however, does not provide Commerce with the discretion to exclude from its CV calculation VAT refunded or remitted prior to or after exportation. If Commerce determines that it is necessary to account for VAT remitted or refunded prior to or even after exportation of the subject merchandise, then Commerce should seek redress through the legislative process.

calculation.  Commerce's contention that the language of 19 U.S.C. § 1677b(e) is ambiguous is unpersuasive.  The plain language of the statute directs Commerce to include in the calculation of CV <u>any internal taxes paid that are not remitted or refunded upon exportation</u>.  Here, the VAT paid by Rima on inputs <u>was not remitted or refunded upon exportation</u> of the subject merchandise.  Rather, Rima recovered the VAT paid prior to exportation.  Accordingly, Commerce improperly calculated CV by excluding the VAT paid by Rima on inputs from CV.  This matter is again remanded to Commerce with instructions to include the VAT paid by Rima in its recalculation of CV and make all necessary adjustments to the dumping margin.


                                          <u>/s/ Nicholas Tsoucalas</u>
                                             NICHOLAS TSOUCALAS
                                              SENIOR JUDGE


DATED:     November 16, 2004
           New York, New York