**Slip Op. 06-189**

## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

```
_____
                               :
ELKEM METALS CO. and           :
GLOBE METALLURGICAL, INC.,      :
                               :
              Plaintiffs,       :
                               :       Court No. 02-00232
              v.                :
                               :
UNITED STATES,                 :
                               :
              Defendant,        :
                               :
              and               :
                               :
RIMA INDUSTRIAL S/A,           :
                               :
              Deft.-Int.        :
_____:
```

[Matter remanded to the United States Department of Commerce.]

   *DLA Piper US LLP (William D. Kramer, Martin Schaefermeier)* for Plaintiffs Elem Metals Co., and Globe Metallurgical, Inc.

   *Peter D. Keisler*, Assistant Attorney General, Civil Division, United States Department of Justice; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Reginald T. Blades, Jr.*); *Robert LaFrankie*, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

   *Greenberg Traurig, LLP (Philippe M. Bruno, Rosa S. Jeong)* for Defendant-Intervenor, Rima Industrial S/A.

### ORDER

   This matter is before the Court pursuant to the remand ordered by the Court of Appeals for the Federal Circuit ("CAFC") in Elkem Metals Co. v. United States, 468 F.3d 795 (Fed. Cir. 2006), and the CAFC mandate of December 18, 2006. Therein, the CAFC reversed and remanded

the judgment of this Court in <u>Elkem Metals Co. v. United States</u>, 28 CIT __, 350 F. Supp. 2d 1270 (2004).[1]  <u>See</u> <u>id.</u> at 797.

The CAFC held that the United States Department of Commerce's ("Commerce") policy with respect to value-added-tax ("VAT") is a reasonable interpretation of 19 U.S.C. § 1677b(e).  <u>See</u> <u>Elkem</u>, 468 F.3d at 802.  The Court explained that, under § 1677b(e), if Brazilian VAT is refunded or remitted upon export, Commerce is required to exclude it from constructed value.  <u>Id.</u> at 802-03.  It reasoned, however, that the inverse does not apply, and that § 1677b(e) contains no requirement that Commerce include in constructed value, taxes that are not refunded or remitted upon export.  <u>Id.</u>

Commerce's policy interpreting § 1677b(e), calls for a case-by-case inquiry as to whether an exporter/producer is able to fully offset its VAT liability by using its VAT credits.  <u>See</u> <u>Silicon Metals from Brazil</u>, 63 Fed. Reg. 42,001, 42,004 (Dep't Commerce Aug. 6, 1998). Pursuant to this policy, for purposes of calculating constructed value under § 1677b(e), VAT is included as a "cost" only to the extent that the exporter/producer does not fully use the VAT credits generated by

---

[1]     Elkem Metals Company and Globe Metallurgical, Inc. appealed the decision of this Court sustaining a determination by the United States Department of Commerce, in which it, pursuant to remand by this Court, recalculated the constructed value of silicon metal produced in Brazil by Rima Industrial S/A ("Rima"). The CAFC, however, dismissed this appeal as moot.  <u>See</u> <u>Elkem</u>, 468 F.3d. at 797.  This order addresses the only live issue, the reversal and remand of the cross-appeal filed by Rima and the United States.

export sales.  See Elkem, 468 F.3d. at 801 (citing 63 Fed. Reg. at 42,004).

Under the "deferential lens of Chevron," the CAFC found that Commerce's determination that the VAT paid by Rima should be excluded from constructed value is based on a permissible construction of § 1677b(e).  The Court further concluded that "it is entirely appropriate for Commerce to make an individual determination as to whether and to what extent VAT is, given the circumstances of a particular country and company, a cost." Id. at 803.  Because, here, Commerce determined that the Brazilian tax system can have the effect of offsetting VAT via a VAT credit, and that during the period of review, Rima, a producer, fully offset its VAT costs by using its VAT credits, the CAFC determined that this Court may not upset these determinations. Id.

Accordingly, in conformity with the decision of the CAFC, it is hereby

**ORDERED** that this matter is remanded to Commerce to allow it to recalculate Rima's dumping margin in light of any adjustments made in the Final Results of Redetermination Pursuant to Court Remand, Elkem Metals Co. v. United States, (Dep't Commerce Mar. 16, 2005), but using the methodology promulgated in Silicon Metals from Brazil, 63 Fed. Reg. at 42,004, and applied in the Final Results of Redetermination Pursuant to Court Remand, Elkem Metals Co. & Globe

<u>Metallurgical Inc. v. United States</u>,(Dep't Commerce June 8, 2004),

the first Remand Results.  Commerce shall limit its adjustments to

the factual circumstances circumscribed by the CAFC in its opinion,

i.e., where Rima fully offset its VAT costs using its VAT credits;

and it is further

　　**ORDERED** that Commerce's remand results are due on March 21,

2007; comments are due on May 4, 2007; and replies to such comments

are due on May 19, 2007.


                                    /s/ Nicholas Tsoucalas
                                    NICHOLAS TSOUCALAS
                                    SENIOR JUDGE


 Dated:    December 22, 2006
           New York, NY